■ In the Matter of SHAZAD KHAN, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the New York City Police Department, et al., Respondents. [790 NYS2d 85]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered on or about September 7, 2004, which, to the extent appealable, denied petitioner's motion to renew his previously dismissed application pursuant to CPLR article 78 to annul a determination of respondent Commissioner terminating him without a hearing from his position as a probationary New York City Police Officer, unanimously reversed, on the law and the facts, without costs, renewal granted, and upon renewal, petitioner afforded relief only to the extent of granting his request for a name-clearing hearing, and the matter remanded for that purpose. Appeal from judgment, same court and Justice, entered April 1, 2004, unanimously dismissed, without costs, as academic in view of our determination of the appeal from the subsequent order.

Petitioner was dismissed without a hearing from his position as a probationary police officer following allegations that he had assaulted his former girlfriend. Although the new evidence upon which petitioner's motion for renewal is predicated, in which the complainant recants her allegations of abuse, does not demonstrate that petitioner's termination was accomplished in bad faith or in violation of constitutional or statutory authority, and accordingly furnishes no ground to annul the challenged dismissal (cf. Kroboth v Sexton, 160 AD2d 126, 130-131 [1990]), it does indicate that the allegations evidently credited by respondents and upon which they acted against petitioner may well be false and are being used to deny petitioner other civil service employment opportunities. As respondents now concede, under these circumstances renewal should have been granted and petitioner's request for a name-clearing hearing granted (see Matter of Swinton v Safir, 93 NY2d 758 [1999]). Concur—Andrias, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.